# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARY JANE BESTER, ANDRE LASHAUN KELLY, JR., and MAISHA KIMYA BESTER,<br><br>Plaintiffs,<br><br>v.<br><br>TRACFONE, CONSUMER CELLULAR, TARGET, AMAZON PRIME, VORTEX GOVERNMENT FREEPHONE, MILWAUKEE COUNTY TRANSIT SYSTEM, JOMELA PROPERTIES, HEBRON HOUSE, and HOPE CENTER,<br><br>Defendants. | Case No. 18-CV-1151-JPS<br><br>**ORDER** |

On July 25, 2018, Plaintiff filed a *pro se* complaint alleging that her civil rights were violated. (Docket #1).[1] This matter comes before the court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[1] "Plaintiff" here refers only to Mary Jane Bester. Though other plaintiffs are identified, she is the only person who signed the complaint. (Docket #1 at 13). One of the named plaintiffs is identified as her grandson, *Id.* at 12, and the Court suspects that the other is also a relative. Because neither have signed the complaint, both must be dismissed from this action. Fed. R. Civ. P. 11(a).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts, and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a *pro se* litigant's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations are, to put it generously, difficult to follow. She makes wide-ranging allegations against this seemingly random collection of defendants for incidents and issues having nothing to do with each other. First, bus drivers in Milwaukee and Seattle have been rude to her. (Docket #1 at 4–5). Then, without any reason for the transition, Plaintiff complains about her apartment. *Id.* at 5. She seems to be upset with the cost of the unit, its state of uncleanliness and disrepair, and various other financial issues with the leasing company. *Id.* at 5–9.

Next, Plaintiff wants the Court to have the Hope Center give her a bed. *Id.* at 10. Plaintiff also alleges that she has had problems with cell phone service and blames numerous defendants for this. *Id.* at 10–12. Plaintiff

further states that her grandson needs a new parole officer. *Id.* at 12. She references other "cases" in the state of Washington which she wants to have transferred to this Court in Milwaukee. *Id.* at 12–13. Finally, Plaintiff mentions that she should have received some unemployment compensation from a company. *Id.* at 13.

Plaintiff's lawsuit cannot proceed for numerous reasons, but two are illustrative. First, none of her allegations invoke this Court's jurisdiction. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a). Plaintiff's complaint does not assert either. She does not state any cognizable federal claims against any of the defendants, and at least some of the defendants are from Wisconsin.[2]

Second, Plaintiff's allegations are nonsensical, fantastical, and barely coherent. Throughout her complaint, she variously states that someone has stolen her handwriting, (Docket #1 at 5), that unknown people are "doing stings" on her, *id.* at 6, that she is her own attorney, *id.* at 8, and that she is repeatedly "striking lotteries" but the money is stolen from her, *id.* at 12. In her prayer for relief, Plaintiff says she wants to "start beheading civilization" and seeks "$400,000,000 gazillion daily for life[.]" *Id.* at 14. As noted above, Plaintiff has also filed a motion for leave to proceed *in forma*

---

[2]Plaintiff's complaint also violates the rules on joinder of claims and parties. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007); Fed. R. Civ. P. 18 & 20. However, in light of the other reasons warranting dismissal, the Court need not reach this issue.

*pauperis*. (Docket #2). In that motion, Plaintiff claims to have won numerous lotteries, "struck oil" in Washington and Texas, and own buses and a radio station in Seattle. *Id.* at 4.

Courts may dismiss claims based on allegations that are "obviously and knowingly false." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Edwards v. Snyder*, 478 F.3d 827, 829–30 (7th Cir. 2007). Moreover, a suit may be dismissed "because the facts alleged are so . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney*, 302 F.3d at 774; *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). "[N]o evidentiary hearing is required in a prisoner's case (or anyone else's, for that matter) when the factual allegations are incredible." *Gladney*, 302 F.3d at 774 (internal citations omitted). Plaintiff's allegations are clearly of the incredible variety and are beyond fantastic and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Consequently, this case must be dismissed as frivolous. *Gladney*, 302 F.3d at 775 (citing *Okoro v. Bohman*, 164 F.3d 1059, 1062–64 (7th Cir. 1999) ("a frivolous suit does not engage the jurisdiction of the district court").

Accordingly,

**IT IS ORDERED** that Plaintiffs Andre Lashaun Kelly, Jr. and Maisha Kimya Bester be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiff Mary Jane Bester's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting her appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge